permanent interest of the infant." Anonymous, 55 Ala. 430; Cornelius v. Cornelius, 31 Ala. 479. In controversies as to the custody of infants of tender years, it is firmly settled that the court will consider primarily the best interest of the child, and will so provide for its custody as its welfare may indicate, without reference to the wishes of the parties or their ordinary parental rights. Brinster v. Compton, 68 Ala. 299.

[3] Attentive consideration of the evidence in the record has led us to the following conclusions, briefly stated, in respect to the facts that should influence decision as between complainant and defendant:

Defendant at his best—that is, before the accident which cost him his legs and reduced him to his present plight—was of a harsh, irritable, faultfinding, and unreasonably jealous disposition. Casual visitors in his home saw it at its best, naturally; but that it was no happy place is reasonably certain. The accident which crippled him and the drugs he took during a prolonged treatment intensified and exaggerated his temperamental infirmities to a degree beyond the fortitude of complainant to endure. About 15 months after his injury complainant sought peace elsewhere. This was a humanlike performance on her part; we need not say to what degree it may be extenuated or excused, for now the question is not one of divorce on that ground, but is concerned about the welfare of the children.

Complainant, on the other hand, was an industrious woman, a good housewife. Her neighbors speak well of her intelligence, thrift, and care for her household, and, evidently, she contributed efficiently in more than one way to the maintenance of the family. It is clear beyond question that without her material help defendant, on a wage of $70 a month, could never have accumulated the property now standing in his name. Whatever her faults—and we are far from saying she had none; she had a temperament of her own—our judgment is that she was justly entitled to more consideration than she got from her husband.

Defendant has in his household at this time his mother, 64 years of age and not very strong, his two children, and another child of kin. His income is now, and probably will always be, limited to $66.66 a month which he gets from the government of the United States by reason that he was crippled while at work for the government on the Wilson Dam.

Complainant lives with her father and mother. Her father is sexton of the city cemetery and cultivates a small farm in the neighborhood. Complainant earns $75 a month. Her parents, 54 and 52 years of age, have successfully brought up a large family and profess their entire willingness and ability to take care of the children of the parties here. Their neighbors and acquaintances speak well of them. Some of them speak in terms of highest praise. It appears in the opinion of the trial court that the decree was influenced to some extent by a finding that a brother-in-law of complainant lived in the house with her and has tuberculosis to which the children would be exposed. The evidence points to the conclusion that the presence of this brother-in-law is temporary, and, whether so or not, there is nothing to warrant a finding that he has tuberculosis.

On consideration of the facts thus found, the court, in consultation, has concluded that the welfare of the children will best be conserved by committing them to the custody of their mother, the complainant, with leave for the father to have them visit him at reasonable and proper times, and accordingly it is so ordered. It will be understood, of course, that the arrangement thus decreed may, at any time and upon proper application to the judge of the circuit, be modified to meet changed conditions.

The decree below leaves the title and use of the property accumulated by these parties with defendant. It gives complainant a lien on the family automobile for $230. There is no complaint of the decree in these respects, and it will remain undisturbed.

Each party in the trial court was taxed with the costs incurred at his or her instance. In that respect the decree is unchanged. The costs of this appeal will be taxed equally between the appellant and the appellee.

Affirmed in part; reversed and rendered in part.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

---

(96 South. 721)

### Ex parte NEW. (1 Div. 282.)

(Supreme Court of Alabama. May 3, 1923. Rehearing Denied June 14, 1923.)

Certiorari to Court of Appeals.

Charley New was convicted of violating the prohibition law, and, his conviction being affirmed by the Court of Appeals, he brings this petition to review and revise the judgment and decision of said court in the case of Charley New v. State of Alabama, 96 South. 720. Writ denied.

E. J. Grove, of Mobile, for petitioner.
Harwell G. Davis, Atty. Gen., opposed.

GARDNER, J. Writ denied.